IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff
vs
1) FRANCISCO RAMIREZ GARCIA
3) ALEJANDRO MORALES ALVAREZ
4) HERMES JESUS NUÑEZ MORALES
Defendants

CRIMINAL 19-0117CCC

**ORDER**

Before the Court is defendants [1] Francisco Ramírez García, [3] Alejandro Morales Alvarez, and [4] Hermes Jesús Núñez Morales' Motion to Dismiss Indictment (**d.e. 47**) filed on July 22, 2019 and the United States' Response to Motion to Dismiss (d.e. 54) filed on August 7, 2019.

**I.     BACKGROUND**

The following facts were set forth in an Affidavit (d.e. 1-1) attached to the Complaint (d.e. 1) filed on February 8, 2019: on January 29, 2019, a vessel was intercepted and boarded northeast of Colombia by the United States Coast Guard. The vessel displayed no indicia of nationality, but an individual "claimed to be master of the vessel and made a verbal claim of Venezuelan nationality" (d.e. 1-1). The United States requested a registry check and permission to board and search the vessel from the government of Venezuela. In the meantime, the vessel began to sink. Four people, including the three defendants seeking dismissal, and sixty-nine bales of suspected contraband were transferred to a Coast Guard vessel. Subsequently, Venezuela issued a

CRIMINAL 19-0117CCC           2

waiver of jurisdiction as to the vessel, its cargo, and the crew to the United States. On February 7, 2019, the defendants and the suspected contraband arrived in San Juan, Puerto Rico and were taken into the custody of the Drug Enforcement Administration. The suspected contraband was discovered to be bales of cocaine.

On February 14, 2019, defendants were indicted for violations of the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70501, et. seq. ("MDLEA") (d.e. 26).

## II.    RELEVANT LAW

The MDLEA extends United States federal criminal enforcement authority to drug crimes committed at sea beyond the United States' territorial jurisdiction. Under the statute, an individual onboard a vessel "subject to the jurisdiction of the United States" "may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance." 46 U.S.C. § 70503. A vessel subject to the jurisdiction of the United States includes "a vessel without nationality" and "a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States." 46 U.S.C. § 70502(c)(1).

## III.   DISCUSSION

### A.    **MDLEA Jurisdiction Over "Vessels without nationality"**

The defendants first challenge the application of the MDLEA to "vessels without nationality", referred to as "stateless vessels" by defendants, under

42 U.S.C. § 70502(c)(1)(A).  Defendants assert that the MDLEA's exercise of jurisdiction over vessels without nationality exceeds the limits of customary international law, and that the definition of a vessel without nationality at 42 U.S.C. § 70502(d)(1) violates the due process clause.

In this case, one of the defendants identified himself as the master of the vessel and made a verbal claim that the vessel was of Venezuelan nationality. The United States requested a registry check from Venezuela.  The United States submitted a certification from the Secretary of State stating that Venezuela confirmed the registration of the vessel and waived its right to exercise jurisdiction over the vessel in favor of the United States (d.e. 52-2). Venezuela's response to the claim of registry and waiver of are "proved conclusively" by this certification.  42 U.S.C. § 70502(c)(2) and (d)(2).

Accordingly, defendants' vessel is subject to the jurisdiction of the United States as "a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States."  46 U.S.C. § 70502(c)(1)(C).  As jurisdiction over the vessel was not exercised under the "vessel without nationality" provisions found at 42 U.S.C § 70502(c)(1)(A) and (d)(1), the Court need not reach defendants' arguments challenging these provisions of the MDLEA.

## B.     Constitutional Limitations on the MDLEA

Defendants argue that the United States may not exercise jurisdiction over felonies under the MDLEA unless there is a nexus between the crime and the United States.  Defendants offer two rationales.

First, they argue that Congress exceeded its power under the Constitution by criminalizing felonies without a nexus to the United States under the MDLEA. Defendants point to the "Define and Punish Clause", which grants Congress the power "To define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const. art. I, § 8, cl. 10. Defendants argue that the international law governing interpretation of this clause bars jurisdiction over crimes without a nexus to the United States. As this argument was previously addressed and rejected by the First Circuit, United States v. Aybar-Ulloa, 913 F.3d 47, 55 (1st Cir. 2019), the Court finds that the MDLEA does not exceed Congress' power under the Define and Punish Clause. Other circuits have reached the same conclusion. See United States v. Moreno-Morillo, 334 F.3d 819 (9th Cir. 2003); United States v. Ledesma-Cuesta, 347 F.3d 527, 531 (3rd Cir. 2003); U.S. v. Estupinan; 453 F.3d 1336 (11th Cir. 2006).

Second, defendants argue that the due process clause limits the MDLEA's jurisdiction over felonies to those crimes with a nexus to the United States.

> [The argument] that due process requires that the government prove a jurisdictional nexus between the defendants' criminal conduct and the United States . . . has been rejected by [the First Circuit] for at least a decade. "[D]ue process does not require the government to prove a nexus between a defendant's criminal conduct and the United States in a prosecution under MDLEA when the flag nation has consented to the application of United States law to the defendants." United States v. Cardales, 168 F.3d 548, 553 (1st Cir. 1999). And the MDLEA itself contains no jurisdictional nexus requirement. [United States v.] Bravo, 489 F.3d [1] at 7 [(1st Cir. 2007)].

United States v. Angulo-Hernandez, 565 F.3d 2, 10-11 (1st Cir. 2009).

In this case, Venezuela consented to the application of United States law and waived its jurisdiction over the vessel.  Therefore, the due process clause does not require a nexus between the crime and the United States.

The Court finds that a nexus between a felony and the United States is not required by the Define and Punish clause or by due process.  As the crime at issue in this case, drug trafficking, may be prosecuted as a felony under the MDLEA, the Court need not address defendant's argument that drug trafficking does not constitute piracy or an offense against the law of nations.

Defendants also argue that the MDLEA is not a valid exercise of the legislative branch's Article II treaty power.  As the Court has rejected the defendant's argument that the MDLEA's application in this case exceeds Congress' authority under Article I, the Court need not reach the question of whether the MDLEA is a valid exercise of the treaty power.

## IV.   CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss (**d.e. 47**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on October 28, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge